# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN L. GOVAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:09-CV-547 JVB |
| | ) |
| SUPERINTENDENT, Pendleton | ) |
| Correctional Facility, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Kevin Govan, a prisoner confined at the Pendleton Correctional Facility, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 Allen County convictions for two counts of criminal confinement, one count of possession of a firearm by a serious violent felon, and one count of theft, for which he was sentenced to an aggregate term of forty years imprisonment. He asserts in his petition that the prosecutor solicited false testimony from witness Andrea Howe; that the trial court violated the Fifth Amendment's Double Jeopardy Clause "by running the same offense of the two confinement counts consecutive to each other" (DE 1 at 5); that his trial counsel was ineffective; that the trial court erred in denying his request for a mistrial; that the trial court's "declaration of [a] mistrial without 'manifest necessity'" violated the Fifth Amendment's Double Jeopardy Clause (DE 1 at 9); and that his convictions and custody violate the Fourth and Fourteenth Amendments "due to an unconstitutional detention of his person without [a] warrant [past the forty eight hour] limit to have a judge determine probable cause." (DE 1 at 9).

Petitioner filed a direct appeal, arguing that the trial court erred in denying his motion for a mistrial; that the trial court improperly admitted his recorded telephone conversation into

evidence; and that the evidence was insufficient to support his convictions (DE 22-4 at 5–9). The Indiana Court of Appeals affirmed Petitioner's convictions, and the Indiana Supreme Court denied transfer.

Petitioner filed a petition for post-conviction relief with the Indiana trial court, asserting that the State presented perjured testimony; challenging the imposition of consecutive sentences under the Indiana Constitution's protections against double jeopardy; and alleging that his trial counsel was ineffective because he failed to object to the use of a rubber gun at trial for demonstrative purposes, did not move for dismissal of the firearms charge, and failed to object to closing comments of the prosecutor (DE 22-6). The trial court denied Petitioner's petition for post-conviction relief, and the Indiana Court of Appeals affirmed the denial of post-conviction relief, finding that all but Petitioner's claims of ineffective assistance of trial counsel were waived because they were known and available at the time of his direct appeal (DE 22-8), and that his ineffective assistance of counsel claims were without merit (DE 22-8 at 7-12). The Indiana Supreme Court denied Petitioner's petition for transfer.

On November 20, 2009, Petitioner filed his petition for a writ of habeas corpus with this Court, raising six claims. He asserts that: (1) the prosecutor knowingly presented false testimony; (2) the consecutive sentences imposed on his convictions for confinement constituted double jeopardy; (3) four allegations of ineffective assistance of trial counsel; (4) the trial court erred in denying his motion for a mistrial; (5) the retrial after his initial mistrial violated double jeopardy; and (6) the failure to timely bring Petitioner before a magistrate for a determination of probable cause.

I.       **PROSECUTORIAL MISCONDUCT**

In the first ground of his Petition, Petitioner argues that the prosecutor "solicited and elicited false testimony from" Andrea Howe (DE 1 at 4). Respondent argues that this claim is procedurally defaulted because Petitioner did not raise it on direct appeal.

The procedural default doctrine precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet. v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). When a habeas petitioner fails to fairly present a claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *O'Sullivan v. Boerckel,* 526 U.S. 838, 853–54 (1999).

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

A habeas petitioner may also overcome a procedural default by establishing that a court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, a habeas applicant must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A

3

petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Indiana Court of Appeals held that Petitioner's prosecutorial misconduct claim was available for direct appeal, that it was not an allegation of deprivation of counsel, and therefore that Petitioner had waived this claim and it was not available for post-conviction review (DE 22-8 at 7). A state court finding of waiver constitutes an independent and adequate state law ground for disposition that procedurally bars habeas review. *See Harris v. Reed*, 489 U.S. 255, 263- 65 (1989).

In his traverse, Petitioner makes a lengthy and detailed argument that Andrea Howe committed perjury during the trial and that the prosecutor was aware of it (DE 23-1 at 11-26). But Petitioner does not present sufficient facts or law that would overcome the procedural default as to this claim: he shows no cause for failing to abide by state procedural rules and a resulting prejudice from that failure, nor does he establish that this Court's refusal to consider the merits of this claim would result in a fundamental miscarriage of justice.

## II. DOUBLE JEOPARDY

In ground two of his petition, Petitioner argues that his sentence constituted double jeopardy (DE 1 at 4). But in his direct appeal, Petitioner raised this issue exclusively under Indiana Code Section 35-0-1-2 and the double jeopardy provision of Indiana's Constitution (DE 22-6 at 28-33). Federal habeas corpus review does not reach errors of state law. *Johnson v. Bett*,

349 F.3d 1030, 1037 (7th Cir. 2003). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

The Exhaustion Doctrine requires that a habeas petitioner "fairly present" his federal constitutional claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992). The Fair Presentment Doctrine is also a useful approach for analyzing procedural default. *Id.* at 1473. Fair presentation contemplates that "both the operative facts and the controlling legal principles must be submitted" to the state court, and failure to present both restricts the issues that a federal court may consider during collateral review. *Id.* at 1474. Review of the Petitioner's state appellate brief establishes that he did not present a Fifth Amendment double jeopardy argument to the state courts. Accordingly, he may not present a Fifth Amendment claim in this proceeding.

Moreover, this claim is barred by procedural default because the Indiana Court of Appeals found it waived. Citing *Sanders*, 765 N.E.2d at 592, the Court of Appeals found that Petitioner's state double jeopardy claim was available for direct appeal and were not allegations of deprivation of counsel, and correctly determined that it was therefore waived and unavailable for post-conviction review (DE 22-8 at 7).

### III. ALLEGED INEFFECTIVENESS OF TRIAL COUNSEL

Petitioner asserts that trial counsel was ineffective for failing to: (1) move to dismiss the firearms charge; (2) object to admission of State's Exhibit 11; (3) object to remarks improperly made to inflame passions of the jury; and (4) object to a witness's comment about Petitioner being incarcerated (DE 1 at 5). To support a claim of ineffective assistance of counsel, a

petitioner must demonstrate: (1) that counsel's performance was deficient and (2) that absent said deficient performance, there exists a reasonable probability of a different outcome. To satisfy the first prong, a petitioner must show that his or her counsel made errors so serious that the counsel was not functioning as guaranteed by the Sixth Amendment. *Williams v. Taylor*, 592 U.S. 362, 390 (2000). In considering a counsel's performance, a reviewing court must indulge a strong presumption that the counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To satisfy the second prong, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's application of *Strickland*'s attorney-performance standard was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A federal court must "assess counsel's work as a whole, and 'it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief.'" *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005)). "The bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one, and only a clear error in applying *Strickland* will support a writ of habeas corpus." *Allen v. Chandler*, 555 F.3d 596, 600 (7th Cir. 2009). The Indiana Court of Appeals applied the *Strickland* test in its analysis of Petitioner's ineffectiveness of counsel claims. (DE 22-8 at 6–7).

On direct appeal, Petitioner argued that because a firearm was never recovered, he could not be charged with possessing a firearm, and that his counsel was ineffective because he did not

move to dismiss this charge. (DE 22-6 at 41–43). However, under Indiana law the testimony of an eyewitness that the defendant was in possession of a gun is sufficient to establish that the defendant possessed a gun, *See Youngblood v. State*, 515 N.E.2d 522, 526–27 (Ind. 1987), and the Indiana Court of Appeals found that the trial court would have been required to deny any pretrial motion by Petitioner's trial attorney to have the charge dismissed because of lack of evidence. (DE 22-8 at 9–10). Because a motion to dismiss the firearm possession charge would have been denied had Petitioner's counsel made one, the Indiana Court of Appeals reasonably applied the *Strickland* test in its analysis.

The Petitioner alleges that his counsel was ineffective because he "failed to object to the admission of State's Exhibit 11 as evidence." (DE 1 at 5). Exhibit 11 was a rubber gun that was used in a demonstration during witness testimony. The Indiana Court of Appeals found that Exhibit 11 was not admitted into evidence, that it "in no way resembled a real gun" (DE 22 at 9), and that any potential prejudice from such use of demonstrative evidence was significantly reduced and that trial counsel was not deficient for failing to object. The Indiana Court of Appeals made no clear error in its application of *Strickland* to this claim in concluding that Petitioner's counsel was not ineffective for not objecting to this procedure.

Petitioner argues that trial counsel was ineffective for failing to object to remarks by the prosecutor in his closing argument. On appeal from post-conviction review, Petitioner alleged that the prosecutor committed misconduct when discussing keys that had been recovered from a pair of pants found on a golf course (Tr. 332-35). The Indiana Court of Appeals found that because Petitioner's counsel had addressed this evidence in his own closing argument in an attempt to discredit the police investigation (Tr. 506), "the prosecutor's attempt to explain why the police did not make more effort to determine what the keys went to was appropriate and non-

7

objectionable" (DE 22-8 at 11). The Indiana Court of Appeals also found that it was a reasonable trial strategy for Petitioner's counsel not to object to brief and "fleeting" comments by the prosecutor regarding the testimony of two witnesses and their reaction to seeing Petitioner again after the incident. (DE 22-8 at 11-112). The Indiana Court of Appeals assessed Petitioner's counsel's performance as a whole and found no deficiency. Its analysis of this claim was not unreasonable and no clear error occurred, and, accordingly, the Indiana Court of Appeals properly applied the *Strickland* test.

Finally, Petitioner asserts that his counsel was ineffective for failing to object to witness Dawn Lothamer's statement in front of the jury that Petitioner had called her from jail. Petitioner did not argue his fourth allegation of trial counsel ineffectiveness on appeal from post-conviction review, so it is barred from federal habeas review by procedural default. When a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *Perruquet*, 390 F.3d at 514.

The evidence in this case was overwhelming and included not only the testimony of the three victims identifying Petitioner as the perpetrator of the crimes, but also Petitioner's own recorded statements (Tr. 157-58, 270, 381-82). The Indiana Court of Appeals reasonably applied *Strickland* in determining that trial counsel had not been deficient, and Petitioner could establish no prejudice from any of these alleged failings by his trial attorney.

### IV. DENIAL OF PETITIONER'S MOTION FOR A MISTRIAL

In ground four of his petition, Petitioner asserts that the trial court erred in denying his request for a mistrial. (DE 1 at 5). The Indiana Court of Appeals expressly found that Petitioner waived the issue of whether the trial court abused its discretion in denying his motion for mistrial

(DE 22-4 at 6). A state court finding of waiver constitutes an independent and adequate state law ground for disposition that procedurally bars habeas review. *Harris*, 489 U.S. at 263–65.

## V. GRANTING THE STATE'S MOTION FOR A MISTRIAL

In ground five of his petition, Petitioner asserts that his conviction violated the Fifth Amendment's Double Jeopardy Clause "due to the trial court's declaration of mistrial without 'manifest necessity,' nor considering the interest of Defendant or society over Petitioner's objection." (DE 1 at 9). Respondent argues that Petitioner did not present this claim to the state courts and that the issue is barred by the exhaustion doctrine. In his traverse Petitioner concedes that he did not present this issue to any state court, but "urges this court to consider this claim, because a fundamental injustice/miscarriage of justice would result if his claim were not entertained on the merits." (DE 23-1 at 41).

To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan,* 526 U.S. at 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their state's prisoners' federal rights. *O'Sullivan*, 526 U.S. at 845; *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner

9

must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *O'Sullivan*, 526 U.S. at 845.

A habeas petitioner may overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. at 324. A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Petitioner has not met his burden of establishing that a fundamental miscarriage of justice may have occurred. Nothing in his argument suggests that the trial court's declaration of a mistrial resulted in his conviction even though he was actually innocent. Likewise, nothing in his argument justifies this court in considering this claim on the merits even though he has not exhausted his state court remedies.

**VI. FOURTH AMENDMENT CLAIM**

In ground six of his petition, Petitioner asserts that his conviction violated the Fourth and Fourteenth Amendments "due to an unconstitutional detention of his person without warrant [past the] (48) hour limit to have a judge determine probable cause, and use of evidence gained pursuant to the unconstitutional seizure of his person." (DE 1 at 10). Petitioner concedes that this claim has not been presented to the Indiana Courts. A habeas applicant who presents defaulted

10

claims for federal collateral review may only obtain review on the merits of his claims if the applicant establishes cause and prejudice to excuse his defaults or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 735, 750; *Murray*, 477 U.S. at 488.

Petitioner suggests that failure to consider this claim on the merits would result in a fundamental miscarriage of justice. But, as already noted, under this narrow exception, Petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. at 324. Petitioner's assertion that he may have been held for over forty-eight hours before seeing a magistrate and that incriminating evidence was found during a search does not show his actual innocence of his crimes of conviction.

## VII. CERTIFICATE OF APPEALABILITY

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that some of the claims raised in Petitioner's petition are unexhausted or barred by the doctrine of procedural default,

and that his remaining claims are without merit. Nothing in Petitioner's submissions establish that jurists of reason could debate the correctness of this Court's conclusions or find a reason to encourage Petitioner to proceed further. Accordingly, the Court declines to issue Petitioner a certificate of appealability.

For the reasons set forth above, the Court DISMISSES the petition [DE 1], DIRECTS the Clerk to close this case, and DENIES a certificate of appealability.

SO ORDERED on August 30, 2011.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATE DISTRICT JUDGE